(No. 3412— )

Raymond Ruddy, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 12, 1946.*

M. W. Stefanich, attorney for claimant.

George F. Barrett, Attorney General; C. Arthur Nebel, Assistant Attorney General, of counsel for respondent.

Damron, J.

This claimant seeks an award for temporary total compensation from July 1, 1939 to October 30, 1940 in the sum of $2,188.00 plus $55.50 alleged to have been expended by claimant for trips to Chicago, Illinois for medical attention and for medicinal purchases.

Claimant testified that, while employed as a guard at the Pontiac Branch of the Illinois State Penitentiary, on March 25, 1939 he slipped on the floor of the barn at said institution causing him to fall with great force and thereafter developed a hernia. That he immediately reported the injury to Doctor Otis H. Law who was at that time employed by the respondent at the Pontiac Branch of the Illinois State Penitentiary, and that on the 31st day of March 1939, an operation was performed by the staff physician at the prison hospital. Claimant remained therein for approximately four weeks.

Claimant further testified that he returned to his work on May 27, 1939 but suffered intense pain from March 25, until July 23, 1939. He testified that he suffered a recurrent traumatic rupture soon after the original operation and that on April 29, 1940 he again submitted to an operation which was performed by Doctor J. D. Scouller at the St. James Hospital in Pontiac, Illinois; that he made a satisfactory recovery following said operation and returned to work for the respondent on October 30, 1940 at the Joliet Branch of the Illinois State Penitentiary. The departmental report, which is prima facie evidence, shows that claimant was first employed on April 7, 1936, as a guard at the Illinois State Penitentiary. That he filed an application for a transfer to the Pontiac Institution and reported there for duty on July 1, 1936, and submitted his resignation at that branch July 31, 1939.

The record in this case is very unsatisfactory, and we are unable, upon a careful consideration thereof, to say with certainty whether or not this claimant was actually disabled for any period of time from his employment as a result of the alleged injury except about four weeks following the first operation in which he received salary.

Liability under the Workmen's Compensation Act cannot rest upon imagination, speculation or conjecture or upon a choice between two views equally compatible with the evidence but such liability must arise out of the facts established by a preponderance of the evidence.

The general rule of law that the burden of proof is upon the plaintiff to prove his case by a preponderance or greater weight of the evidence, is applicable to claims under the Act, and where the only evidence in support of claim for temporary total disability is the unsupported

testimony of claimant the evidence is insufficient to justify award therefor.

Claimant has not sustained his burden of proving his right to temporary total compensation. An award in this case if allowed to the claimant, would have to be based not upon the facts contained in the record but it necessarily would have to be upon conjecture.

This claim for temporary total compensation must be denied.